The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
You have requested an Attorney General opinion concerning certain issues related to a mayor's retirement benefits.
You indicate that your questions concern an individual who served as mayor of the City of Atkins for several terms in the past, and who retired and has been receiving retirement benefits. The individual is now running again for the office of mayor.
With regard to this situation, you have presented the following questions:
 (1) If the individual in question is elected as mayor to serve a four-year term beginning January 1, 1999, will he be allowed to receive his salary as mayor and also continue to receive his retirement as a previous mayor?
 (2) If the individual in question is elected mayor and serves at least one more term of four years and is allowed to continue to draw the retirement benefit while also drawing his salary as mayor, will he be able to add his new service as mayor to his old service as mayor for the purpose of satisfying the eligibility requirements of A.C.A. § 24-12-123(a)(1)?
 (3) If the answer to Question 1, above, is negative, will the individual be able to add his new service as mayor to his old service as mayor to meet the eligibility requirements for retirement as set forth in A.C.A. § 24-12-123(a)(1)?
RESPONSE
I must note as an initial matter that because of the myriad of factual variations that can impact the calculation of individual retirement benefits, I am unable to opine conclusively with regard to the benefits that any individual is entitled to receive. However, to the extent that you have asked questions of a general legal nature, I will proceed to respond.
Question 1 — If the individual in question is elected as mayor to serve afour-year term beginning January 1, 1999, will he be allowed to receivehis salary as mayor and also continue to receive his retirement as aprevious mayor?
It is my opinion that if the individual is elected, he will be allowed to receive his mayor's salary while continuing to receive his retirement benefits based upon his previous service as mayor — provided that he does not rejoin the retirement system.
While the rejoining of a retirement system would be impermissible (see
Ops. Att'y Gen. Nos. 96-303 and 96-212, and discussion of this issue in response to Question 2), the law does not appear to prohibit former employees from returning to work for their employers, or from receiving retirement benefits while drawing a salary. See Op. Att'y Gen. No.87-439.
I therefore conclude that if the individual about whom you have inquired is elected mayor, it will be permissible for him to receive the mayor's salary while continuing to draw retirement benefits.
Question 2 — If the individual in question is elected mayor and serves atleast one more term of four years and is allowed to continue to draw theretirement benefit while also drawing his salary as mayor, will he beable to add his new service as mayor to his old service as mayor for thepurpose of satisfying the eligibility requirements of A.C.A. §24-12-123(a)(1)?
It is my opinion that if the individual in question is elected mayor, he will not be allowed to accrue further years of credited service for retirement purposes. That is, he will not be allowed to count the years served in his new term of office for the purpose of making him eligible for the retirement benefits described in A.C.A. § 24-12-123(a)(1).
The act of rejoining a retirement system after retirement is widely regarded in most retirement systems as impermissible unless expressly authorized by statute. The Arkansas legislature has authorized rejoining after retirement in only one retirement system — local fire pension funds. See A.C.A. § 24-11-827 (Supp. 1995). (It should be noted that under that statute, the retirant's benefits cease during the period of re-employment.) It is my opinion that if the legislature had intended to permit mayors to rejoin their retirement systems after retirement, it would have expressly provided for such a course of action. None of the provisions of law that govern mayors do so.
For this reason, I conclude that if the individual about whom you have inquired is elected mayor, he may not count the years of his new term of office as credited years of service for retirement purposes. See Ops. Att'y Gen. Nos. 96-303; 96-212.
Question 3 — If the answer to Question 1, above, is negative, will theindividual be able to add his new service as mayor to his old service asmayor to meet the eligibility requirements for retirement as set forth inA.C.A. § 24-12-123(a)(1)?
For the reasons stated in response to Question 2, it is my opinion that he may not do so.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh